**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WIGWAM MILLS, INC., Respondent.**

**No. 15115.**

United States Court of Appeals
Seventh Circuit.

Oct. 7, 1965.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Herman M. Levy, Attorney, N.L. R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Allison W. Brown, Jr., Linda R. Sher, Attorneys, N.L.R.B., for petitioner.

Myron E. Ropella, Albert H. Petajan, Roemer & Ropella, Milwaukee, Wis., for respondent.

Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

The National Labor Relations Board seeks enforcement of its order against Wigwam Mills, Inc., respondent, a manufacturer at Sheboygan, Wisconsin.

That order followed the Board's review of proceedings before a trial examiner. It adopted his findings, conclusions and recommendations.

Two cases were involved. One was based on unfair labor practices charged by the United Textile Workers of America, AFL-CIO ("the Union"). The other arose out of a representation election conducted under the Board's auspices among respondent's employees, which the Union lost by a vote of 219 to 154.

Respondent contends that in the record there is no evidence to support the charges against it and the findings upon which the Board's order rests.

It also contends that there is evidence that the trial examiner was biased against it, preventing him from making a fair and reasonable decision, and shifting to this court the responsibility of determining the credibility of witnesses.

 From our examination of the record, we conclude that it does not support the charge of prejudice by the examiner.

We hold that there is substantial evidence in the record to support the findings that respondent violated Section 8(a) (1) of the Act, by interfering with, restraining and coercing its employees in the exercise of their statutory right to select a bargaining agent, and that it discharged employee Ruth Engl because of her union activities, in violation of Section 8(a) (3) and (1) of the Act.

The questions of credibility of witnesses are not for this court to determine.

The order of the Board will be enforced in full.

Order enforced.